Andrew Hanna
1900 Main Street, Suite 315
Irvine, CA 92614
Telephone: (949) 874-5068

Andrew Hanna, CEO
Global Premier Development, Inc.
1401 21st Street, Suite R
Sacramento, CA 95811
e-mail: andrew@globalpremierdevelopment.com



# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, L.P., a California limited partnership,<br><br>Debtor and Debtor-in-Possession | Case No. 9:22-bk-10626-RC<br>Chapter 11 Proceeding<br>**ANDREW HANNA'S JOINDER TO ST. GEORGE CONSTRUCTION INC.'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER: (1) APPROVING COMPROMISE OF CONTROVERSY WITH JKO GROUP, INC. AND (2) DISMISSING CHAPTER 11 CASE**<br><br>DATE: August 8, 2023<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 201<br>1415 State Street<br>Santa Barbara, CA 91301 |

Andrew Hanna, personally, and as president and CEO of creditor, Global Premier Development, Inc. (GPD) joins in St. George Construction Inc.'s Opposition [docket # 96] to *Debtor's Motion for Order: (1) Approving Compromise of Controversy with JKO Group, Inc., and (2) Dismissing Chapter 11 Case* filed by Global Premier Regency Palms Oxnard, L.P., debtor and debtor-in-possession.

The Debtor is a California limited partnership, whose general partner is Global Premier America #3, LLC. Global Premier America LLC is a member of the GP.

On or about March 23, 2020, the Debtor entered into a loan (Loan) with Nano Banc in the original principal amount of $23,000,000.00. Hanna executed a Commercial Guaranty of the Loan dated March 23, 2020. On or about April 22, 2022, Nano sold and assigned the Loan to JKO. As a result, Hanna is allegedly a guarantor of the Loan now held by JKO. Hanna is also the president and CEO of GPD, the holder of certain undisputed scheduled claims against the Debtor's estate.

Hanna and GPD join St. George's Opposition in its entirety. And in particular, Hanna and GPD want to add to the opposition as follows:

1. The compromise improperly overstates the allowed amount of JKO's claim. As stated in St. George's Opposition:

   a. The Motion provides no detail as to how the JKO claim is calculated.

   b. Fixing the JKO Claim in the amount of $30,489,629.27 is excessive and improperly include default interest on the entire principal balance of the loan, even though the such loan has not fully matured, which is contrary to established California law. See California Civil Code § 1671(b); *Garrett v. Coast & Southern Fed. Sav. & Loan Assn.*, 9 Cal.3d 731 (1973); In *re 8110 Aero Drive Holdings, LLC*, 2017 WL 2712961 (Bankr.S.D.Cal. 2017), *Honchariw v. FJM Private Mortgage Fund, LLC*, 299 Cal.Rptr.3d 819, 824 (2022).

   c. The proposed allowed claim improperly includes both default interest and late fees, which is duplicative and improper. See *Matter of Terry Ltd. P'ship*, 27 F.3d 241, 244 (7th Cir. 1994) ("[W]here the contract already provided that the creditor would be entitled to late fees stemming from the debtor's default. A higher default rate of interest would have in effect

enabled the creditor to recover twice for the same losses."); *In re Cliftondale Oaks, LLC*, 357 B.R. 883, 887–88 (Bankr.N.D.Ga.2006) ("[T]he late charge and the default interest rate are both intended to compensate the secured creditor for the increased administrative costs incurred upon the debtor's default, and, therefore, payment of both default interest and a late charge would represent a double recovery.").

As an alleged guarantor of the Loan now held by JKO, Hanna is prejudiced by the compromise that purports to allow an overstated claim in favor of JKO. In light of the law cited in St. George's Opposition, the Court should independently assess the allowed amount of JKO's Claim, or alternatively, Hanna should not be bound (as a purported guarantor) by the allowed amount of JKO's Claim set forth in the compromise.

2. Hanna also objects to the other provisions of the compromise that further inflate JKO's claim to the prejudice of Hanna, such as the allowance of usurious interest. The compromise provides for the accrual of principal and interest at the non-default rate in the amount of $152,921 per month, **plus default interest** of approximately $110,000 per month, for a total of $263,000 per month. Thus, the compromise provides for interest that is approximately **3 times** the present monthly payment amount. The interest rate demanded by JKO as part of the compromise is substantially higher than the interest rate provided under the terms of the original Loan, which is the subject of Hanna's Guaranty. These artificially inflated accruals are extremely unreasonable, and prejudice Hanna as a guarantor.[1] This combined interest rate is <u>usurious</u> and in violation of California law. "California has a strong public policy against usury, that is, the charging and receiving interest on the loan or forbearance of money in excess of the rate allowed by law." G

---

[1] "It is true that where a promissory note is given for a usurious loan, the vice of usury may be asserted by the guarantor of the note as well as by the maker." *Sosin v. Richardson*, 26 Cal.Rptr. 610, 614, 210 Cal.App.2d 258, 266 (1963) citing *Martin v. Ajax Const. Co.*, 124 Cal.App.2d 425 (1954). See also *In re Dominelli*, 820 F.2d 313, 318 (9th Cir. 1987) (citing *Sosin*, "one who stands in the shoes of the original borrower and is injured by the usurious interest rate may also assert the usury defense.")

Companies Management, LLC v. LREP Arizona, LLC, 304 Cal.Rptr.3d 651, 660, 88 Cal.App.5th 342, 354 (2023). The Court should not approve a compromise that allows JKO to accrue usurious interest, or alternatively, Hanna should not be bound (as a purported guarantor) by the excessive accrual of interest set forth in the compromise.

3. Hanna and GPD also join St. George's Opposition, that JKO's overreaching control over the Debtor's budget and working capital is unreasonable. The Debtor is confined to a very strict budget, leaving all discretion to JKO as to whether the Debtor can exceed budgeted expenses. Restricting the Debtor to a working capital limit of only $150,000 on a business that incurs approximately $250,000 per month is simply inadequate. It is customary in this industry, and the Debtor should be able, to maintain a working capital balance of at least twice its operating expenses, or **$500,000**.

Based upon the foregoing, Hanna and GPD join St. George's Opposition and respectfully requests that the Court approve the Motion, but only if the compromise is modified to eliminate the unreasonable terms that are prejudicial to Hanna and other creditors.

DATED: July 31, 2023

By: _____

Andrew Hanna, personally, and as president & CEO of Global Premier Development, Inc.& CEO of Global Premier America LLC