1  GARRICK A. HOLLANDER – State Bar No. 166316
   ghollander@wghlawyers.com
2  **WINTHROP GOLUBOW HOLLANDER, LLP**
   1301 Dove Street, Suite 500
3  Newport Beach, CA 92660
   Telephone:  (949) 720-4100
4  Facsimile:   (949) 720-4111

5

6  General Insolvency Counsel for Global Premier Regency
   Palms Oxnard, L.P., Debtor and Debtor-in-Possession



**FILED & ENTERED**

AUG 15 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust        DEPUTY CLERK

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>GLOBAL PREMIER REGENCY PALMS OXNARD, L.P., a California limited partnership,<br><br>      Debtor and<br>      Debtor-in-Possession | Case No. 9:22-bk-10626-RC<br><br>Chapter 11 Proceeding<br><br>**ORDER APPROVING DEBTOR'S MOTION FOR ORDER: (1) APPROVING COMPROMISE OF CONTROVERSY WITH JKO GROUP, INC. AND (2) DISMISSING CHAPTER 11 CASE**<br><br>DATE:    August 8, 2023<br>TIME:    2:00 p.m.<br>PLACE[1]:  Courtroom 201<br>           1415 State Street<br>           Santa Barbara, CA  91301 |

On August 8, 2023 at 2:00 p.m., the Court held a hearing on the *Notice of Motion and Motion for Order: (1) Approving Compromise of Controversy with JKO Group, Inc. and (2) Dismissing Chapter 11 Case* [Docket No. 79] (the "Motion") filed by Global Premier Regency Palms Oxnard, L.P., a California limited partnership, the debtor and debtor-in-possession in the above-entitled Chapter 11 proceeding (the "Debtor"), the memorandum of points and authorities, and the declaration of Christina Hanna in support of the Motion (the "Hanna Declaration").  The Court having reviewed and considered the Motion, the memorandum of points and authorities, the

---

[1] The hearing on the Motion is scheduled to be heard via Zoom.  Please check the Court's calendar just prior to the hearing to confirm. http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/.

Order#1415985#8c7e09e5-bcdd-453e-86a6-fbb96f26e7be

Hanna Declaration and all exhibits appended thereto, finding that due and proper notice of the Motion and the hearing on the Motion was appropriately given and no opposition to the Motion having been filed, and for good and sufficient cause appearing therefore, the Court hereby makes the following Findings of Fact, Conclusions of Law, and Order:

**IT IS HEREBY FOUND AND DETERMINED** that:

    a.    The notice given of the hearing on the Motion was sufficient under the circumstances of this case.

    b.    Notice of the deadline and procedures to assert an administrative claim as set forth in the Motion was sufficient.

    c.    Christine Hanna has the authority, as Manager of Global Premier America #3, LLC, a California limited liability company, the general partner of the Debtor, to act on behalf of the Debtor, in and out of Chapter 11, to execute, enter into, and deliver the Compromise with JKO Group, LLC (including any successor-in-interest or assignee thereof, "JKO"), and all such other documents necessary to obtain, close, consummate, and perform under the Compromise,[2] and to take such other and further acts as may be necessary or desirable in connection with, and to close and consummate, the Compromise.

    d.    The Compromise is critical to the Debtor's ability to preserve its going concern and emerge from Chapter 11 and provides creditors with the greatest opportunity for payment.

    e.    The Compromise and terms and conditions thereof of comply with the requirements of Rule 9019 of the Federal Rules of Bankruptcy Procedure, and is reasonable, fair, prudent, equitable, and in the best interests of creditors.

    f.    Good and adequate cause exists for granting the Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Motion, as modified herein, is granted;

---

[2] Except as otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Motion.

2. The findings of fact and conclusions of law of the Court set forth herein and at the Hearing on the Motion shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Court at the Confirmation Hearing are incorporated herein by reference. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

3. Except as otherwise expressly set forth herein, any formal or informal objection to confirmation, to the extent not already withdrawn, waived, or settled, and all reservations of rights included therein, shall be, and hereby are overruled.

4. The Compromise is hereby modified as follows:

    a. The closing and funding of the Compromise shall occur no later than August 21, 2023;

    b. The use of the PACE Loan Proceeds shall remain the same, except for the following modifications:

        i. $650,000 shall be paid to administrative expense priority claimants.

        ii. $14,940.26 shall be paid to Bestway Laundry Solutions on account of its allowed administrative claim.

        iii. 100% of all mechanics lien claims owed by and due from the Debtor shall be paid to the holders of such claims.

        iv. 100% of all non-insider general unsecured claims owed by and due from the Debtor shall be paid to the holders of such claims. To the extent the non-insider general unsecured claims are less than $422,000, JKO and the professionals shall split equally from the PACE Loan Proceeds the difference between the actual amount and $422,000.

5. The Compromise, as modified herein,[3] and all terms contained therein are hereby approved in all respects pursuant to Bankruptcy Rule 9019, is binding upon all Persons affected

---

[3] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Compromise. If not defined in the Compromise, such terms shall have the meanings set forth in the Motion or as defined in Section 101 of the Bankruptcy Code, as context dictates.

thereby, except as otherwise stated herein, and shall be effectuated in accordance with the terms thereof.

6. The Debtor, and Christine Hanna on behalf of the Debtor, is authorized to enter into the Compromise, as modified herein, execute any and all such additional documents as may be necessary to effectuate the Compromise, and take all actions necessary to effectuate the Compromise.

7. The Loan Documents constitute valid, binding, and enforceable obligations of the Debtor, as modified by the Stipulation and this Order.

8. JKO shall have an allowed claim against the Debtor of $30,854,934.02 as of August 10, 2023.

9. Before the Closing under the Compromise, the Debtor shall deliver to G&B Law, LLP, the original completed and notarized grant deed in lieu of foreclosure in the form attached as **Exhibit 5** (the "Deed in Lieu") to the Hanna Declaration. The Deed in Lieu shall be in favor of Blackhawk Solar LLC, a Delaware limited liability company (including any successor-in-interest or assignee thereof, "Deed Holder"). JKO, on behalf of itself and Deed Holder, acknowledges and agrees that the Deed in Lieu provided under this paragraph is not intended to, and does not, transfer title at the time of execution. Deed Holder shall hold and retain the Deed in Lieu provided that the Company complies in all respect with the terms of the Compromise, as modified herein, and there is no Payment Default or Uncured Default, as defined in Paragraph 11 of the Compromise. Upon the occurrence or continuance of a Payment Default or Uncured Default under the Compromise or the Loan Documents, Deed Holder may immediately record the Deed in Lieu and shall immediately notify the Debtor of said recording. JKO and Deed Holder shall be granted relief from the automatic stay to the extent necessary to take the foregoing actions.

10. Upon a Payment Default or Uncured Default, the Debtor agrees to cooperate in the execution, in a timely manner, of any and all documents that are, or may be, necessary to cause the immediate conveyance of the Property to Deed Holder, including execution of a deed other than the Deed in Lieu. This provision may be enforced by specific performance.

11. The liens and security interests that JKO has on the Property will not merge with the legal estate and title in the Property that may be transferred pursuant to the terms set forth in the Compromise. The liens and Loan Documents will not be released or relinquished, and the priority of the liens of the Loan Documents will not be altered or subordinated to any other liens or interests. JKO may merge the liens and security interests with the fee or leasehold title to the property, but only by a separate document recorded later or through foreclosure. The statutes of limitation applicable to the exercise of the JKO's rights and remedies under the Loan Documents are extended and tolled until four years after the Maturity Date.

12. Upon a Payment Default or an Uncured Default, JKO may exercise all rights and remedies available under the Loan Documents as if fully described and incorporated into the Compromise. All of JKO's remedies under the Compromise and the Loan Documents are cumulative with one another and with remedies under applicable law.

13. The Debtor is authorized to continue operating its business and pay its creditors in the ordinary course of business, as projected in the Budget attached as **Exhibit 6** to the Hanna Declaration, to the extent funds exist to pay such creditors, and such payment is consistent with the terms of the Compromise and this Order.

14. Except as otherwise provided in the Compromise, Budget or Motion, or until such time as the Debtor fails to pay its debts as projected in the Budget, all persons or entities who have held, hold or may hold claims against, or interests in, the Debtor shall be enjoined on and after the date of entry of this Order and through the Maturity Date of the Compromise, from (i) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtor, the Debtor's property, against the estate or against the proceeds of such property, on account of any such claim or interest; (ii) creating, perfecting or enforcing any encumbrance of any kind against the Debtor's property or interests in such property, on account of any such claim or interest; (iii) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to the Debtor or against the property or interest in property of the Debtor on account of any claim or interest; and (iv) asserting any claim or interest against the Debtor. This paragraph shall not apply to JKO or Deed Holder.

15.  Except as provided in the Compromise, Motion of this Order, effective as of the date of the entry of this Order, all Persons shall be precluded from asserting against the Debtor, its partners, officers, directors, agents, attorneys, consultants, and each of their successors, or their property, any claims, debts, rights, causes of action, liabilities, or equity interests based upon any act, omission, transaction, or other activity of any nature that occurred during the Debtor's bankruptcy, as a result of the filing of the bankruptcy, or anything related to, or in connection with, the bankruptcy and this or any Order of the Court. This paragraph shall not apply to JKO or Deed Holder.

16.  This Chapter 11 case is hereby dismissed, effective immediately without further order of the Court, immediately following the closing of the PACE Loan, which shall occur no later than August 21, 2023.

17.  Notwithstanding anything to the contrary in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, or the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California to the contrary, including, without limitation, Section 349 of the Bankruptcy Code all prior orders and judgments entered in this case, including, without limitation this order and the Court's Order granting the Debtor's Motion for Order Authorizing Debtor To Enter Into Assessment Contract and Obtain Debtor-in-Possession Financing Secured Against Real Property, shall remain in full force and effect, shall be unaffected by the dismissal of this case, are legally binding on all applicable parties, and are specifically preserved for purposes of finality of judgment and res judicata.

18.  Nothing in this Order, including without limitation Paragraphs 14 and 15, shall impair or alter the rights or remedies of the CSCDA under the DIP Financing. Paragraphs 16, 17, and 18 of this Order may not be modified without the express written consent of CSCDA.

19.  Nothing in this Order, the Motion, or the Compromise, including, the amounts agreed to be paid to JKO pursuant to the Compromise, shall be binding or have any effect on the Guaranties to the Loan Documents, including, the amount, if any, owing on account of the Guaranties. Any amounts that may become due by the Guaranties shall be based on the Loan Documents alone.

20. Notwithstanding the dismissal of this case, to the extent allowed by applicable law, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of the Compromise, the Motion, this Order, or any other Order of this Court entered in this case.

21. No further notice of hearing shall be necessary to effectuate the foregoing.

### ###

Date: August 15, 2023

Ronald A. Clifford III
United States Bankruptcy Judge