GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

FILED & ENTERED

AUG 15 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust    DEPUTY CLERK

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA BARBARA DIVISION**

In re:

GLOBAL PREMIER REGENCY PALMS OXNARD, L.P., a California limited partnership,

Debtor and
Debtor-in-Possession

Case No. 9:22-bk-10626-RC

Chapter 11 Proceeding

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO ASSESSMENT CONTRACT AND OBTAIN POST-PETITION LOAN SECURED AGAINST REAL PROPERTY**

**[11 U.S.C. §§ 363(b) and 364(d)(1)]**

DATE:    August 8, 2023
TIME:    2:00 p.m.
PLACE[1]:  Courtroom 201
         1415 State Street
         Santa Barbara, CA  91301

---

[1] The hearing on the Motion is scheduled to be heard via Zoom.  Please check the Court's calendar just prior to the hearing to confirm. http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/.

265083.3

On August 8, 2023, at approximately 2:00 p.m., the Court held a hearing on the *Debtor's Motion for Order Authorizing Debtor to Enter into Assessment Contract and Obtain Post-Petition Loan Secured Against Real Property* [Docket No. 87] ("Motion") filed by Global Premier Regency Palms Oxnard, LLP, a California limited liability partnership, the debtor and debtor-in-possession in the above Chapter 11 proceeding (the "Debtor"). Garrick A. Hollander, Esq. appeared on behalf of the Debtor. All other appearances were as noted on the Court's record of the proceedings.

The Court having reviewed and considered the Motion, all evidence presented, the papers, pleadings and other documents on file in the Debtor's chapter 11 case, and the arguments and the representations of counsel, finding that proper notice of the Motion and hearing on the Motion was appropriately given, and no opposition to the Motion having been filed, and for good and sufficient cause appearing therefor, the Court hereby makes the following findings of fact, conclusions of law, and order:

**IT IS HEREBY FOUND AND DETERMINED** that:

a. The notice given of the hearing on the Motion was sufficient under the circumstances of this case and no further notice of the Motion or the hearing shall be required.

b. Christine Hanna has full power and authority, as Manager of Global Premier America #3, LLC, a California limited liability company, the general partner of the Debtor, to independently act on behalf of the Debtor, including to execute, enter into, and deliver the Assessment Contract (as defined below) and all such other documents necessary to obtain, close and consummate the DIP Financing,[1] and to perform such other and further acts on behalf of the Debtor as may be necessary or desirable in connection with the Assessment Contract and to close and consummate the DIP Financing.

c. The Debtor (i) has full power and authority to execute, deliver, and perform its obligations under the Assessment Contract; (ii) has all of the necessary corporate power and authority to consummate the transactions contemplated by the Assessment Contract,

---

[1] Except as otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Motion.

and (iii) has taken all corporate or other organization action and formalities necessary to authorize and approve the execution, delivery, and performance of its obligations under the Assessment Contract, and, upon execution thereof, the Assessment Contract was or will be duly and validly executed and delivered by the Debtor and enforceable against such Debtor in accordance with its terms, and shall constitute a valid and binding obligation of the Debtor.  Accordingly, the Debtor's entry into the Assessment Contract shall not require any further consents, approvals, or authorizations.

      d.      The proposed DIP Financing is critical to the Debtor's ability to emerge from Chapter 11 and pave the way to potentially pay its creditors.

      e.      The DIP Financing is necessary to effectuate the compromise with JKO and pave the way for prompt emergence from Chapter 11.

      f.      Approval and use of the DIP Financing provides creditors with the greatest opportunity for payment, and thus is in the best interest of creditors, which is evidenced in part by JKO's and the Debtor's agreement that all non-insider general unsecured claims will be paid, in full from the proceeds of the DIP Financing.

      g.      The terms and conditions of the DIP Financing, as set forth in the Motion, are, under the circumstances, the most advantageous and only funding terms currently available to the Debtor.

      h.      The terms and conditions of the DIP Financing, as set forth in the Motion, are the result of arm's-length negotiations between the Debtor and the DIP Lender, and the Debtor is receiving fair consideration and reasonably equivalent value from the DIP Lender for the obligations incurred by the Debtor and the liens granted to the DIP Lender.

      i.      The DIP Lender has acted in good faith, and without negligence or violation of public policy or law, in respect of all actions taken in connection with the DIP Financing and the Assessment Contract and is a lender in "good faith," as that term is used in Section 364(e) of the Bankruptcy Code.

      j.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of this matter constitutes a core proceeding, as defined in

28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are Sections 363 and 364 of the Bankruptcy Code and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure. Venue of the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

  k. The Debtor's senior secured creditor, JKO Group, LLC ("JKO"), has consented to the DIP Financing, subject to this Court's approval of a stipulation between the Debtor and JKO, dated June 20, 2023 (the "Stipulation"), and the Debtor's compliance with the terms of that Stipulation, and pursuant to the terms set forth on the record, including payment in full of all non-insider general unsecured non-priority claims, as more fully described in that *Declaration of Christine Hanna re List of Non-Insider General Unsecured Creditors re Motion for Approval of Compromise of and Dismissal of Case* (Docket No. 118, *Exhibit 1*), and all mechanics liens claims from the DIP Financing proceeds.

  l. Good and adequate cause exists for granting the Motion and the Debtor's entry into the Assessment Contract and all other documents contemplated thereby is a sound and prudent exercise of the Debtor's business judgment.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

  1. The findings of fact and conclusions of law of the Court set forth herein and at the hearing on the Motion shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Court at the Hearing are incorporated herein by reference. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

  2. Except as otherwise expressly set forth herein, any formal or informal objection to Motion, to the extent not already withdrawn, waived, or settled, and all reservations of rights included therein, shall be, and hereby are overruled;

  3. The Motion is hereby granted;

4.  The Debtor is authorized to enter into with the California Statewide Community Development Authority (the "CSCDA"), as the California joint exercise of powers authority that operates the Open PACE Program, and White Oak Global Advisors, LLC, ("White Oak"), as the PACE Administrator (collectively, the "DIP Lender"), the Assessment Contract, and any additional agreements, documents, instruments, and certificates in connection therewith and necessary or desirable to perform all obligations contained therein (collectively, the "Assessment Contract").  The Assessment Contract and this Order shall govern the financial and credit accommodations to be provided to the Debtor by the DIP Lender in connection with the DIP Financing.

5.  The Debtor is authorized to obtain the post-petition PACE assessment financing in an aggregate maximum principal amount of up to $12,800,000 (the "DIP Financing") pursuant to the terms and conditions of the Assessment Contract, the Motion, and any orders entered in connection therewith, or otherwise delivered in connection therewith.

6.  The use of proceeds from the DIP Financing shall be subject to the cash flow budget attached as <u>Exhibit 3</u> to the Weissman Declaration.

7.  The Debtor's general partner is authorized to amend the Debtor's Limited Partnership Agreement, and Article 4(a) of the Debtor's Limited Partnership Agreement is hereby amended to extend the term of the partnership for an additional thirty (30) years, such that it "shall continue until December 31, 2074 …" subject to the other provisions of Article 4(a).  The Debtor's general partner further is authorized to amend the Operating Agreement of Global Premier America #3, LLC, A California Limited Liability Company (inclusive of amendments thereto, the "GP Operating Agreement"), and such Operating Agreement is hereby amended such that the general partner may authorize the Debtor to enter into the DIP Financing set forth herein notwithstanding the limitations set forth in Section 2(b)(4) of the First Amendment to Operating Agreement.

8.  Christine Hanna is designated as the person in control of the Debtor with authority to act on behalf of the Debtor, pursuant to 11 U.S.C. § 1107(a) and F.R.B.P. 9001(5), and in particular, Christine Hanna is authorized on behalf of the Debtor to execute and deliver the

Assessment Contract and all such other documents and to perform such other and further acts as may be necessary or desirable in connection with the Assessment Contract and the closing of the DIP Financing pursuant thereto;

9. Pursuant to Section 364(d)(1) of the Bankruptcy Code, the Stipulation, and all applicable California state law, all Assessment Obligations (as defined in the Assessment Contract) arising from the Assessment Contract shall be secured by a lien ("DIP Lien") encumbering the Debtor's real property located at 1029 Bismark Way, Oxnard, California (the "Property"), senior to any and all pre-petition private liens held against such property. The DIP Lien shall be deemed to be properly perfected and an enforceable lien upon the Closing Date without any need for any recording or filing of the DIP Lien or for any other act to be taken by the Debtor or by CSCDA to perfect the DIP Lien, and any Assessment Obligations shall be collected, along with applicable penalties, interest and costs, in accordance with California law.

10. Upon entry of this Order and execution and delivery of the Assessment Contract, the Assessment Contract shall be fully enforceable against the Debtor, its estate, and any successor thereto, including, without limitation, any estate representative or trustee appointed in this case or any case under Chapter 7 of the Bankruptcy Code upon the conversion of this case, or in any other proceeding superseding or relating to any of the foregoing, and/or upon the dismissal of this case, and against the Debtor's creditors and other parties in interest, in each case, in accordance with the terms thereof and this Order.  The DIP Financing will include all loans and any other indebtedness or obligations, contingent or absolute, now existing or hereafter arising, which may from time to time be or become owing by the Debtor to the DIP Lender under the Assessment Contract or this Order.  No obligation, payment, transfer, or grant of security under the Assessment Contract or this Order to the DIP Lender shall be stayed, restrained, voidable, or recoverable under the Bankruptcy Code or under any applicable law (including, without limitation, under sections 502(d), 544, 548, or 549 of the Bankruptcy Code, any applicable Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or other similar state statute or common law), or subject to any defense, reduction, recoupment, recharacterization, subordination, disallowance, impairment,

cross-claim, claim, counterclaim, offset, or any other challenge under the Bankruptcy Code or any applicable law.

11. All rights and remedies of the DIP Lender granted by the provisions of the Assessment Contract and this Order shall survive, and shall not be modified, impaired, or discharged by: (a) the entry of an order dismissing this case or converting this case to a case under chapter 7; (b) the entry of an order approving the sale of the Property pursuant to section 363(b) of the Bankruptcy Code; or (c) the entry of an order confirming a plan and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor has waived any discharge as to any remaining obligations under the Assessment Contract. The terms and provisions of the Assessment Contract and this Order, and the rights and remedies of the DIP Lender granted by the provisions of the Assessment Contract and this Order, shall continue in full force and effect until all obligations under the Assessment Contract and this Order are paid in full in cash.

12. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. The stay provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure shall not be applicable to the relief granted by this Order, and any documents may be executed by the Debtor in order to effectuate the DIP Financing, and funds may be borrowed by the Debtor pursuant to the DIP Financing, immediately in accordance with the provisions of this Order.

13. The DIP Lender shall be and is hereby entitled to the protections and benefits of Section 364(e) of the Bankruptcy Code in advancing funds to the Debtor pursuant to the DIP Financing.

14. The DIP Lender shall not (a) be deemed to be in "control" of the operations or participating in the management of the Debtor, (b) owe any fiduciary duty to the Debtor, its creditors, shareholders, or estates, or (c) be deemed to be acting as a "Responsible Person" or "Owner" or "Operator" with respect to the operation or management of the Debtor (as such terms or similar terms are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601, et seq., as amended, or any similar federal or state statute). Nothing in this Order or the Assessment Contract shall in any way be construed or

interpreted to impose or allow the imposition upon the DIP Lender of any liability for any claims arising from the prepetition or postpetition activities of the Debtor and their direct or indirect subsidiaries.

15. The Debtor shall take all steps necessary to preserve, maintain, and maximize the value of the Property, including, but not limited to, maintaining insurance satisfactory to White Oak with respect to the Property from an insurer acceptable to White Oak.

16. The Debtor is authorized to take any and all such necessary action as is necessary or appropriate to implement the terms of this Order.

17. No further notice or hearing shall be necessary to effectuate this Order.

###

Date: August 15, 2023

Ronald A. Clifford III
United States Bankruptcy Judge